# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALFREDO SANTIAGO MORENO, | : | CRIMINAL NO. |
| Movant, | : | 1:06-CR-0461-CC-GGB |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-0164-CC-GGB |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | 28 U.S.C. § 2255 |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AS THE ORDER OF THIS COURT

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Gerrilyn G. Brill [Doc. 89], and Movant's Objections thereto, [Doc. 90]. In the R&R, Magistrate Judge Brill recommends denying Movant's motion to vacate sentence under 28 U.S.C. § 2255.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which Movant has objected. The Court reviews the remainder of the R&R for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). However, where a movant does not file *specific objections* to factual findings and recommendations of the magistrate judge, this Court need not perform a *de novo* review. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citing inter alia

Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988)).

Movant was convicted following a jury trial of one count of conspiring to possess with the intent to distribute and to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (Count One); one count of manufacturing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Count Two); one count of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Count Three); and one count of maintaining a residence for the purpose of manufacturing methamphetamine, in violation of 21 U.S.C. § 856(a)(1) (Count Four).

In his § 2255 motion, Movant raises two claims of ineffective assistance of counsel at sentencing: counsel was ineffective for failing to properly object to the use of the enhancement for role in the offense under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.1; and counsel was ineffective for failing to properly object to the enhancement under the federal sentencing guidelines at U.S.S.G. § 2D1.1(b)(10)(C)(ii) for the creation of a substantial risk of harm to human life or the environment by a methamphetamine manufacturing operation. [Doc. 82-2 at 5].

In the R&R, Magistrate Judge Brill recommends that the motion be denied because both of Movant's ineffective assistance claims are without merit.

In his objections [Doc. 90], Movant, through counsel, argues that the R&R is incorrect in holding that trial counsel was not ineffective for failing to object to the district court's failure to consider all four factors listed in Application Note 20 regarding a three-point enhancement in Movant's offense level for substantial harm to human life or the environment. Specifically, Movant contends that both Magistrate Judge Brill and the Eleventh Circuit erred in holding that the district court was not obligated to consider all four factors on the record before applying the enhancement, and thus trial counsel was ineffective for failing to make an appropriate objection at trial.

Movant's objections are without merit. In his appeal to the Eleventh Circuit, Movant argued that the district court erred by failing to address on the record all four factors set out in Application Note 20[1] to § 2D1.1(b)(8)(B).[2] United State v. Moreno,

---

[1]Application Note 20 to this guideline states: [i]n determining, for purposes of subsection (b)(13)(C)(ii) or (D), whether the offense created a substantial risk of harm to human life or the environment, the court shall include consideration of the following factors: (i) The quantity of any chemicals or hazardous or toxic substances found at the laboratory, and the manner in which the chemicals or substances were stored; (ii) The manner in which hazardous or toxic substances were disposed, and the likelihood of release into the environment of hazardous or toxic substances; (iii)

3

322 F. App'x 637, 640 (11th Cir. 2008). The Eleventh Circuit held that, because Movant never objected to the district court's failure to discuss each factor on the record, the court would review the claim under a plain error standard. Id. The Eleventh Circuit went on to say that because Application Note 20 does not provide that the district court must consider on the record all four listed factors, and neither the Eleventh Circuit nor the Supreme Court has held a district court is obligated to do so, the district court's failure to do so was not plain error. Id. Significantly, the Eleventh Circuit also held that the record supported the imposition of the three-level enhancement under § 2D1.1(b)(8)(B). Moreno, 322 F. App'x at 640. Movant cannot re-litigate in his § 2255 petition matters that were decided against him in his direct appeal. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Thomas v. United States, 572 F.3d 1300, 1304 (11th Cir. 2009). The Eleventh Circuit explicitly held that the record supported the imposition of the three-level enhancement under § 2D1.1(b)(8)(B). Thus, Movant cannot show that he was

---

The duration of the offense, and the extent of the manufacturing operation; (iv) The location of the laboratory (e.g., whether the laboratory is located in a residential neighborhood or a remote area) and the number of human lives placed at substantial risk of harm.

[2]The citation for this application note changed to § 2D1.1(b)(13)(C)(ii) under the 2007 Guidelines and is the current citation.

4

AO 72A
(Rev.8/82)

prejudiced by his counsel's failure to object to the district court's failure to consider all four factors. Accordingly, Movant's objections to the R&R are overruled.

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation over Petitioner's Objections. Movant's § 2255 motion [Doc. 82] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED.**

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this <u>1st</u> day of <u>April</u>, 2013.

                                        s/ CLARENCE COOPER
                                        CLARENCE COOPER
                                        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)